NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 22 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| STEPHEN T. ENSIGN; LAURA A. ENSIGN,<br><br>        Plaintiffs-Appellants,<br><br>    v.<br><br>U.S. BANK, as Trustee,<br><br>        Defendant-Appellee. | No. 17-35198<br><br>D.C. No. 3:16-cv-01609-HZ<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Oregon
Marco A. Hernandez, District Judge, Presiding

Submitted February 13, 2018**

Before:    LEAVY, FERNANDEZ, and MURGUIA, Circuit Judges.

Chapter 7 debtors Stephen T. Ensign and Laura A. Ensign appeal pro se

from the district court's judgment affirming the bankruptcy court's order striking

their amended complaint and dismissing their adversary proceeding.  We have

jurisdiction under 28 U.S.C. § 158(d).  We review de novo the district court's

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

decision on appeal from the bankruptcy court and apply the same standards of review applied by the district court. *In re Thorpe Insulation Co.*, 677 F.3d 869, 879 (9th Cir. 2012). We affirm.

The bankruptcy court did not err by striking the Ensigns' amended complaint and dismissing the adversary proceeding sua sponte because the amended complaint failed to cure the deficiencies in the complaint previously dismissed by the court. *See* 11 U.S.C. § 105(a) (authorizing bankruptcy courts to take sua sponte action or make any determination "necessary or appropriate to enforce or implement court orders").

Contrary to the Ensigns' contentions, the bankruptcy court had jurisdiction to enter a final order. *See Exec. Benefits Ins. Agency v. Arkison (In re Bellingham Ins. Agency, Inc.)*, 702 F.3d 553, 568-69 (9th Cir. 2012) (discussing Fed. R. Bankr. P. 7008 and explaining that a litigant's actions may suffice to establish consent; "Congress intended to allow parties to consent by their actions to the authority of bankruptcy courts to enter dispositive orders on any bankruptcy-related claim.").

We reject as unsupported by the record the Ensigns' contention that the bankruptcy court gave them vague instructions as to amending their complaint.

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Acosta-Huerta v. Estelle*, 7 F.3d 139, 144 (9th Cir. 1993) (issues not supported by argument in pro se appellant's opening brief are waived).

17-35198

The Ensigns' requests for judicial notice, set forth in their opening and reply briefs, and U.S. Bank's motion to take judicial notice (Docket Entry No. 18), are denied as unnecessary.

**AFFIRMED.**